**Macco & Corey, P.C.**
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                                              Case No. 25-73476

ALLYSON ESPOSITO,

                                              Chapter 13

                            Debtor.
-------------------------------------------------------------X

### OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

      Murray Braun and Eleanor Braun (collectively, the "Brauns"), by and through their counsel Macco & Corey, P.C., hereby object to the proposed chapter 13 plan of Allyson Esposito (the "Debtor"), the above-referenced debtor, and respectfully sets forth as follows:

### BACKGROUND

1.      On or about July 7, 2025, the Brauns obtained the judgment against Debtor in the Supreme Court of the State of New York, County of Suffolk in the amount of $340,440.28 (the "Judgement") based upon their action against the Debtor for conversion. The judgment was obtained after a jury trial on the issues.

1.      On September 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"). Thereafter, Krista Preuss (the "Trustee") was appointed chapter 13 trustee of the Debtor's estate.

2.      On September 26, 2025, Debtor filed a proposed chapter 13 plan (the "Plan").

3.      On October 29, 2025, the Brauns filed a general unsecured claim against the Debtor, assigned claim number 12, in the amount of $345,980.32 (the "Claim"), reflecting the unpaid balance on the Judgement as of the Petition Date.

4.      On October 14, 2025, the Trustee, Debtor and the undersigned appeared at the Bankruptcy Code §341 First Meeting of Creditors (the "§341 Meeting").

5.      At the §341 Meeting, testimony was heard relating to various inconsistencies between the Debtor's testimony and her schedules, the Debtor's income and expenses and the Debtor's proposed plan.

6.      As a result of the Testimony, it is expected that the Debtor will file amended schedules and the 341 meeting was adjourned to November 18th at 1:30 PM.

7.      A confirmation hearing on the Plan is scheduled for November 6, 2025 (the "Confirmation Hearing").

## **ARGUMENT**

8.      Bankruptcy Code §1325 states, in relevant part:

(a) Except as provided by . . . [Bankruptcy Code §1325(b)], the Court shall confirm a plan if –

(1) the plan confirms with the provisions of . . . chapter [13 of the Bankruptcy Code] and with the other applicable provisions of the Bankruptcy Code; . . .

(3) the plan has been proposed in good faith and not by any means forbidden by law; . . .

(4)
The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date;

(7) the action of the debtor in filing the petition was in good faith . . . .

(b) (1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –

    (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

    (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

9.    The Brauns object to the confirmation of the Debtor's proposed plan on multiple bases.

10.    First, the plan seemingly seeks to unfairly discriminate between similarly situated creditors by attempting to set up a pool of money for the Brauns, separate and apart some other general unsecured creditors, even though the Brauns have a valid judgment against the Debtor.

11.    Debtors proposed plan provides, "Amount claimed due on judgement held by Murray and Eleanor Braun is disputed. Plan payment allocated to the[m] shall be set aside and retained by trustee pending a final non appealable determination of debtors pending appeal and possible future appeal by either side. If debtor is successful, then those funds shall be distributed to other allowed creditors." It is respectfully submitted that the Brauns have filed a claim in this matter based upon the Judgment. Until that claim has been litigated, and/or decided, it is a valid claim and should be treated the same as every other general unsecured claim in this proceeding in accordance with 1322(b)(2).

12.    Additionally, creditors are unable to verify that the plan complies with section 1325 of the Bankruptcy Code, due to the fact that there are numerous deficiencies with the Debtor's schedules. Debtor admitted at her 341 meeting that there were substantial funds in her bank account

on the day she filed the petition, however debtors schedule A/B discloses the amount in her bank account as 'unknown'.

13.     Additionally, Debtor testified that she owns jewelry that is also not disclosed on her bankruptcy petition.

14.     Furthermore, the Debtors budget shows numerous expenses that raised questions as to whether or not the debtor is disclosing and/or pledging all disposable income to the plan.

15.     It is respectfully submitted that the debtors plan violates section 1325 of the Bankruptcy Code in that it has not been proposed in good faith, it does not meet the requirements of the liquidation analysis and that the debtor fails to pledge all projected disposable income to the plan.

16.     Additionally, the Debtor's debts may exceed the jurisdictional limits of bankruptcy cases filed under chapter 13 of the Bankruptcy Code.

17.     Pursuant to Bankruptcy Code §109(e), "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $526,700 . . . may be a debtor under chapter 13 of [the Bankruptcy Code] . . . ."

18.     As set forth above, the Brauns hold a noncontingent, liquidated, and unsecured claim in the amount of $345,980.32. The Debtor's petition also schedules additional debt  with some creditors amounts as 'unknown'.

19.     The bar date in this case is November 19, 2025 and March 9, 2026 for government claims. To date, $467,850.55 in claims have been filed. Based upon Debtor's schedules, there are creditors who have yet to file claims.

20.     Upon information and belief, Debtor may also have tax obligations to both the Internal Revenue Service and New York State. First, the amount converted from the Brauns may

be taxable income to the Debtor. Additionally, based upon her testimony and discovery taken in related proceedings, Debtor has testified/disclosed that she had cash income which was not disclosed on her tax returns. Thus, Debtor may have substantial tax liabilities in this proceeding.

21.     Based on the foregoing, the Brauns believe that the Court should deny confirmation of the Plan.

**WHEREFORE,** the Brauns respectfully request that the Court enter and order: (i) denying confirmation of the Debtor's Plan; and (ii) granting such other, further, and different relief as the Court deems just and proper.

Dated: Islandia, New York
        October 31, 2025                          **MACCO & COREY, P.C.**


                                    By:     s/ *Peter Corey*
                                            Peter Corey
                                            2950 Express Drive South, Suite 109
                                            Islandia, New York 11749
                                            (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

                                                 Case No. 25-73476

ALLYSON ESPOSITO,

                                                 Chapter 13

                       Debtor.
---------------------------------------------------------------X

       **PETER COREY**, being duly sworn deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Setauket, New York.

       On October 31, deponent served the within:

- **OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN**

upon the following parties at the addresses designated by said parties for that purpose, by depositing a true copy of same, enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

TO:   **<u>DEBTOR'S ATTORNEYS</u>**
         Harold M Somer, PC
         1025 Old Country Road
         Suite 404
         Westbury, NY 11590

         **<u>CHAPTER 13 TRUSTEE</u>**
         Krista M. Preuss, Chapter 13 Trustee
         100 Jericho Quadrangle
         Ste 127
         Jericho, NY 11753

         **<u>OFFICE OF THE UST</u>**
         Office of the United States Trustee
         Long Island Federal Courthouse
         560 Federal Plaza - Room 560
         Central Islip, NY 11722-4437

                                                  s/ Peter Corey
                                                 Peter Corey