UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:

Allyson Esposito                                          Chapter 13
                Debtor                        Case No. 25-73476-ast

---

## RESPONSE TO TRUSTEE'S MOTION TO DISMISS

HAROLD M. SOMER, an attorney duly licensed to practice law in the State of New York and admitted in the Eastern District of New York, affirms the following to be true under penalty of perjury:

1. I am the attorney for the Debtor and submit this Affirmation in response to the Trustee's motion to dismiss this case.

2. Contrary to the assertions of the Debtor has provided required documentation to the Trustee and in response to the several requests for additional documents when made. The most recent request was via email on January 27, 2026 which the Debtor is working on. Personal bank statements requested were re-uploaded to the Trustee's portal this past January 30th.

3. Although the Trustee was provided with the 2024 tax returns and to the best of my recollection the Debtor testified at an earlier meeting of creditors that there are no domestic support obligations, the compliance statement was filed on January 31, 2026 as Dkt. No. 27 which indicates only 2025 is outstanding as it is not yet due.

4. The Debtor's 60 days of pre-petition pay stubs were docketed on September 10, 2025 which was the same date the petition was filed as Dkt. No. 3 and uploaded to the Trustee's portal on September 25th.

5. Contrary to the assertions in the motion, to the best of my recollection proof of expenses was not requested at the 341 meeting. All other documents requested were provided including numerous personal and corporate bank statements. Furthermore, based upon certain questioning at the meeting, amendments to the petition were made and filed.

6. This case is not the typical routine Ch. 13 and has a number of aspects including the retention of special litigation counsel. Every effort has been and continues to be made to provide the Trustee with what is requested.

7. It should be noted that February 10th at 1:30 is the adjourned meeting of creditors if required to proceed.

8. Throughout the pendency of this case I have been in regular communication with the Trustee's office and do inquire as to what other documentation is or might be needed.

9. By reason of the foregoing, cause exists to deny the Trustee's motion.

Dated: February 1, 2026                     HAROLD M. SOMER, PC
                                            Attorney for the Debtor

                                                /S/ Harold M. Somer
                                            By:_____
                                                HAROLD M. SOMER, ESQ.
                                                1025 Old Country Road, Ste. 404
                                                Westbury, New York 11590
                                                (516) 248-8962